# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **DERSTEA PHILLIPS,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**TIM DULL; NATION'S TOWING, INC.; and DOES 1 through 10, inclusive,**<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:13-cv-384-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

　　　　All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Tim Dull and Nation's Towing, Inc.'s (collectively, "Defendants") motion to enforce a settlement agreement.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 13.

[2] *See* docket no. 25.

**BACKGROUND**

On May 31, 2013, Derstea Phillips ("Plaintiff") filed her complaint in this case.[3] Plaintiff's complaint alleges that she was injured in an automobile accident on June 3, 2009.[4]

Prior to the filing of the complaint, an attorney representing Plaintiff, Paul Gertz ("Gertz"), negotiated with representatives for Defendants in an attempt to settle Plaintiff's claims. On February 22, 2012, Gertz's paralegal, Sue Gardner ("Gardner"), sent a letter to Defendants' representatives indicating that Plaintiff had agreed to settle her claims for $108,531.00.[5] The letter indicates that it was sent by Gardner because Gertz was out of town dealing with a family emergency.[6] The letter also indicates that Gertz asked Gardner to convey the settlement offer as soon as possible because Gertz was "afraid [his] client may change her mind."[7] The following day, Gardner and a representative for Defendant exchanged several e-mails in which Defendant's representative and Gardner, on behalf of Plaintiff, agreed to the proposed settlement.[8]

According to Plaintiff, the settlement was never reduced to a written, signed agreement because she did not agree to the terms of the settlement. In an affidavit Plaintiff has submitted along with her response to Defendants' motion, Plaintiff indicates that, in early 2012, Gertz

---

[3] *See* docket no. 2.

[4] *See id*.

[5] *See* docket no. 25, Exhibit B; docket no. 26, Exhibit 1.

[6] *See id*.

[7] *Id*.

[8] *See* docket no. 25, Exhibit B; docket no. 26, Exhibit 2.

conveyed a settlement offer to her of $50,000.00.[9]  Plaintiff avers that prior to that communication, she was unaware that any settlement was being negotiated on her behalf.[10]  Plaintiff further indicates that at no time did she authorize Gertz to settle her case for any amount.[11]  Finally, Plaintiff indicates that once she received the initial settlement offer from Gertz, she advised Gertz that she would not settle for the proposed amount.[12]  Plaintiff subsequently terminated Gertz's representation.[13]  On March 23, 2012, Defendants' representatives were informed that Plaintiff had retained new counsel, Brian K. Harris, who represents Plaintiff in this case.[14]

## ANALYSIS

The above-referenced events led to the filing of the motion before the court, in which Defendants seek to enforce the terms of the settlement agreement allegedly entered into in February 2012.  Plaintiff opposes Defendants' motion.

"Issues involving the formation, construction and enforceability of a settlement agreement are resolved by applying state contract law."  *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).  The parties agree that Utah law is applicable in this case.

---

[9] *See* docket no. 26, Exhibit 4.

[10] *See id*.

[11] *See id*.

[12] *See id*.

[13] *See id*.

[14] *See* docket no. 25, Exhibit C.

A party's representative may bind the party to a settlement agreement.  *Goodmansen v. Liberty Vending Sys.*, 866 P.2d 581, 585 (Utah Ct. App. 1993) (concluding that letters between counsel for the parties constituted a binding settlement agreement).  "The basic rules of contract formation are used to determine whether two parties have entered into an enforceable settlement agreement.  Contract formation requires two necessary elements:  offer and acceptance."  *McKelvey v. Hamilton*, 211 P.3d 390, 397 (Utah Ct. App. 2009) (citations omitted).

> It is fundamental that a meeting of the minds on the integral features of an agreement is essential to the formation of a contract.  Thus, a binding contract exists where it can be shown that the parties had a meeting of the minds as to the integral features of [the] agreement and that the terms are sufficiently definite as to be capable of being enforced.

*LD III, LLC v. BBRD, LC*, 221 P.3d 867, 872 (Utah Ct. App. 2009) (quotations and citations omitted) (alteration in original).  "The conduct of both parties may also be considered in determining whether they entered into an agreement."  *McKelvey*, 211 P.3d at 397.

In this case, the court concludes that Plaintiff's conduct and Gardner's conduct demonstrate that the parties did not enter into a binding settlement agreement.  *See id*.  First, the court finds it noteworthy that Plaintiff terminated Gertz's representation approximately one month after the purported settlement was reached.  Such conduct demonstrates that Plaintiff was obviously dissatisfied with Gertz's representation, including his and Gardner's decision to attempt to settle Plaintiff's claims without her authorization.  Indeed, according to Plaintiff's sworn affidavit, she never authorized Gertz or Gardner to negotiate a settlement on her behalf.

Second, the court finds Gardner's letter informative with respect to Plaintiff's willingness to enter into the purported settlement agreement.  In that letter, Gardner specifically indicates her

desire to complete the settlement as soon as possible because there was a question about Plaintiff's desire to settle for the proposed amount.

Finally, the court notes the absence of Gertz from any of the settlement communications. While it is true that a party's attorney may bind that party to a settlement agreement, *see Goodmansen*, 866 P.2d at 585, that is not what happened in this case. Gertz was not directly involved in any of the settlement discussions with Defendants' representatives. Although Gardner was involved in the settlement discussions, Defendants have not provided the court with any legal authority for the proposition that a binding settlement could be reached through Gardner, Gertz's employee, rather than through Gertz himself.

For these reasons, the court concludes that a binding settlement agreement was never reached between Plaintiff and Defendants. Accordingly, Defendants' motion to enforce the purported settlement agreement[15] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[15] *See* docket no. 25.