# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **DERSTEA PHILLIPS,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:13-cv-384-PMW** |
| **TIM DULL and NATION'S TOWING, INC.,** | |
| **Defendants.** | **Chief Magistrate Judge Paul M. Warner** |

On June 25, 2013, all parties consented to having Chief United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with direct appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court are the following motions in limine: (1) Derstea Phillips's ("Plaintiff") Motion to Exclude Plaintiff's Criminal Record;[2] (2) Tim Dull's and Nation's Towing, Inc.'s (collectively, "Defendants") Motion Re: Evidence of Plaintiff's Conviction for Credit Card Theft and Forgery;[3] (3) Defendants' Motion to Preclude Plaintiff from Seeking Damages for Lost Employment or Lost Vocational Capacity;[4] (4) Defendants'

---

[1] Dkt. No. 13.

[2] Dkt. No. 74.

[3] Dkt. No. 77.

[4] Dkt. No. 78.

Motion to Preclude Plaintiff from Seeking Punitive Damages;[5] and (5) Defendants' Motion to Preclude Statements and Argument as to "The Golden Rule" Together with Similar "Reptile" and "Reptilian" Arguments.[6] The court has carefully reviewed the written motions and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## A. Plaintiff's Criminal History

The parties each filed motions related to the admissibility of Plaintiff's criminal history. Plaintiff seeks to exclude from trial evidence of her convictions for breaking and entering and for forgery and theft. While Defendants seek an order allowing the admission of evidence of Plaintiff's conviction for theft of a credit card and forgery, they do not seek admission of Plaintiff's convictions for breaking and entering as they occurred more than ten years ago and would be precluded under Rule 609(b). Fed. R. Evid. 609(b) ("This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.").

Having reviewed the relevant law and considered the arguments set forth by the parties, and being fully advised, the court now rules as follows. Evidence of Plaintiff's conviction for theft of a credit card and forgery is admissible as it occurred on August 27, 2007, less than 10 years ago. Pursuant to Rule 609(a)(2), evidence of a criminal conviction "must be admitted if

---

[5] Dkt. No. 79.

[6] Dkt. No. 80.

the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Because forgery is a crime of dishonesty and the theft of the credit card was in connection to Plaintiff's forgery conviction, evidence of both may be introduced at trial. The court does not find that the probative value of Plaintiff's conviction is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403. Rather, crimes containing an element of deceit, untruthfulness, or falsification like forgery, tend to show a party's likelihood of testifying untruthfully. *See United States v. Mejia-Alarcon*, 995 F.2d 982, 988-89 (10th Cir. 1993). Of course, Plaintiff may provide evidence that she has turned her life around and has no arrests or convictions since the 2007 conviction.

Accordingly, Plaintiff's Motion in Limine to Exclude Plaintiff's Criminal Record is **DENIED** and Defendants' Motion Re: Evidence of Plaintiff's Conviction for Credit Card Theft and Forgery is **GRANTED**. Extrinsic evidence of Plaintiff's 2007 conviction is excluded. However, the court may allow extrinsic evidence if Plaintiff denies the existence of her conviction and the evidence is properly before the court.

### B. Evidence of Damages for Lost Employment or Vocational Capacity

Defendants seek an order excluding any evidence or argument that Plaintiff should be awarded damages based on the loss of vocational capacity because Plaintiff failed to identify an expert witness or supplement her initial disclosure to provide damage computations regarding future income potential. In response, Plaintiff indicates that she was not working at the time of the accident and, as a result, she will not offer any evidence or testimony quantifying claims for wage loss, loss of earning capacity, or loss of vocational capacity. Plaintiff, however, opposes

Defendants' motion to the extent that it seeks to exclude testimony regarding her physical condition, capabilities, and limitations. Plaintiff asserts that she should be permitted to present evidence of how the injuries she suffered in the accident have impacted, and will continue to impact, her life.

Because Plaintiff does not oppose Defendants' motion with respect to claims for wage loss, earning capacity, or vocational capacity, this court **GRANTS** Defendants' motion. This ruling does not prohibit Plaintiff from presenting evidence regarding the full extent of her injuries and their impact on her life.

### C.  Punitive Damages

Defendants move the court to exclude evidence suggesting or implying that Plaintiff should be awarded punitive damages. Utah law provides that

> punitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

Utah Code Ann. § 78B-8-201(1)(a). Defendants argue that there is no allegation that they acted with reckless indifference and that Plaintiff has only alleged a claim of simple negligence. In response, Plaintiff acknowledges that the evidence to date does not support a claim for punitive damages. However, Plaintiff contends that she should not be precluded from seeking punitive damages if the evidence elicited at trial demonstrates that Defendants' actions were willful, malicious, and/or evince a knowing and reckless indifference toward and disregard of Plaintiff's rights.

The court concludes that Defendants' motion is premature. Plaintiff has indicated that she will not seek punitive damages unless evidence at trial substantiates that claim. The court will reserve on this issue pending the evidence presented at trial. Accordingly, Defendants' motion is **DENIED WITHOUT PREJUDICE**.

### D. The Golden Rule and/or Reptilian Arguments

Defendants seek an order prohibiting Plaintiff from making any arguments regarding the golden rule or "reptile brain" arguments. Defendants argue that golden rule arguments are improper because they are designed to encourage the jury to depart from their role of impartiality and step into the shoes of a litigant. Defendants further contend that arguments based on the "reptilian brain" (derived from a trial advocacy book by David Bell and Don Kennan entitled *Reptile: the 2009 Manual of the Plaintiff's Revolution*) are simply veiled golden rule arguments because they seek to encourage jurors to decide the case on potential harms and losses that could have occurred within the community rather than on the evidence presented.

Plaintiff asserts that she has no intention of making any golden rule arguments like those discussed in *Shultz v. Rice*. *See* 809 F.2d 642, 651-52 (10th Cir. 1986) (holding that the use of golden rule arguments is improper only "with respect to damages" but not "improper when urged on the issue of ultimate liability"). However, Plaintiff argues that a prohibition against evidence or argument that appeals to the "reptilian brain" regarding safety rules impermissibly restricts counsel's trial strategy and the standard of care with respect to negligence.

The court will permit Plaintiff to advance golden rule arguments on the issue of ultimate liability but it will exclude golden rule arguments on the issue of damages. With regard to arguments based on the "reptilian brain," the court finds that Defendants have not shown with

sufficient particularity what Plaintiff's counsel should be precluded from saying at trial. The court will instruct the jury to base its decision only on the proof admitted at trial and the law given to the jury by the court but not on the statements or arguments of counsel. Appropriate objections may be made at the time of trial and will be ruled upon accordingly. The court will not tolerate any attempt by either party to incite the jury to render a verdict based on any other consideration, including the passions and prejudice of the jurors.

Based on the foregoing, Defendants' motion with respect to golden rule arguments is **GRANTED** and Defendants' motion with respect to arguments based on the "reptilian brain" is **DENIED WITHOUT PREJUDICE**.

### CONCLUSION

In conclusion, **IT IS HEREBY ORDERED** that:

A. Plaintiff's Motion in Limine to Exclude Plaintiff's Criminal Record[7] is **DENIED** and Defendants' Motion Re: Evidence of Plaintiff's Conviction for Credit Card Theft and Forgery[8] is **GRANTED** as set forth above;

B. Defendants' Motion to Preclude Plaintiff from Seeking Damages for Lost Employment or Lost Vocational Capacity[9] is **GRANTED** as set forth above;

C. Defendants' Motion to Preclude Plaintiff from Seeking Punitive Damages is **DENIED WITHOUT PREJUDICE**[10] as set forth above; and

---

[7] Dkt. No. 74.

[8] Dkt. No. 77.

[9] Dkt. No. 78.

[10] Dkt. No. 79.

D.  Defendants' Motion to Preclude Statements and Argument as to "The Golden Rule" Together with Similar "Reptile" and "Reptilian" Arguments[11] is **GRANTED** with respect to golden rule arguments and **DENIED WITHOUT PREJUDICE** with respect to arguments based on the "reptilian brain."

**IT IS SO ORDERED**.

DATED this 12th day of June, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[11] Dkt. No. 80.