# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **DERSTEA PHILLIPS,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 2:13-cv-384-PMW |
| **TIM DULL and NATION'S TOWING, INC.,** | |
| Defendants. | **Chief Magistrate Judge Paul M. Warner** |

On June 25, 2013, all parties consented to having Chief United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with direct appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court are the following motions in limine: (1) Derstea Phillips's ("Plaintiff") Motion to Exclude Patrick Richard Luers, M.D.;[2] (2) Tim Dull's and Nation's Towing, Inc.'s (collectively, "Defendants") Motion to Preclude Evidence of Future Special Damages;[3] and (3) Defendants' Motion Re: Evidence of Life Flight.[4] The court has carefully reviewed the written motions and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of

---

[1] Dkt. No. 13.

[2] Dkt. No. 75.

[3] Dkt. No. 81.

[4] Dkt. No. 83.

Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

### 1. Plaintiff's Motion to Exclude Patrick Richard Luers, M.D.

Plaintiff seeks an order excluding Patrick Richard Luers, M.D.'s expert reports, testimony, and opinions from trial on the grounds that he relied upon a paralegal for Defendants' counsel to prepare a majority of his medical chronology.  Plaintiff argues that Dr. Luers's opinion that Plaintiff's injuries were not the result of the collision is unreliable and is not based on his review of Plaintiff's medical records.  Plaintiff also asserts that Dr. Luers admitted that he did not review any post-surgical medical records.  Thus, Plaintiff seeks to exclude him under Rule 702 of the Federal Rules of Evidence.

In response, Defendants contend that while Dr. Luers received preliminary information from counsel's paralegal to apprise him of the issues in the case and to direct his review, Dr. Luers did not rely on that information in forming his opinion.  Defendants note that Dr. Luers indicated in his report that his "[c]onclusions are based on a preponderance of evidence in the reviewed deposition, limited medical records, imaging reports and imaging studies."[5]

District courts have broad discretion in determining whether expert testimony is admissible.  *Taylor v. Cooper Tire and Rubber Co.*, 130 F.3d 1395, 1397 (10th Cir. 1997).  To comply with Rule 702, courts employ a two-step analysis to ensure that expert testimony is relevant and reliable.  First, a court must determine whether the expert is qualified by "knowledge, skill, experience, training, or education," to provide an opinion.  Fed. R. Evid. 702.

---

[5] Dkt. No. 75-1 at 2

Second, if the expert is qualified to render an opinion, a court must determine whether the expert's opinion is reliable. *Id.*; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

Here, Plaintiff does not challenge Dr. Luers's qualifications, but rather the reliability of Dr. Luers's opinion. Specifically, Plaintiff contends that Dr. Luers's opinion is based on medical interpretations provided by a layperson, is not supported by sufficient facts or data, and will not assist the jury in determining if Plaintiff's injuries were caused by the collision. The court is not persuaded by Plaintiff's argument. As is apparent from Dr. Luers's report, he did not rely on the paralegal's description of the accident or medical chronology in forming his opinion. In his report, Dr. Luers details the following evidence he reviewed in developing his opinion: (1) thirty (30) imaging studies; (2) ultrasound and x-ray films taken the day of the accident; (3) four (4) medical records; (4) Dr. David W. Miller's June 24, 2014 deposition and October 7, 2009 evaluation of Plaintiff; (5) Dr. Mark Crawford's December 21, 2010 evaluation of Plaintiff; and (6) Dr. Michael Malizzo's January 26, 2011 medical record regarding Plaintiff. In addition, Dr. Luers indicated that he reviewed a post-surgical MRI scan, as well as a lumbar CT scan from July 2011, and a lumbosacral spine MRI from November 2011.

The court finds that Plaintiff's issues with the reliability of Dr. Luers's report, opinion, and testimony are unfounded and do not warrant striking Dr. Luers's testimony. Plaintiff's concerns with Dr. Luers's as an expert are best addressed through vigorous cross examination. Accordingly, Plaintiff's motion is **DENIED**.

### 2. Defendants' Motion to Preclude Evidence of Future Special Damages

Defendants seek an order prohibiting Plaintiff from presenting any argument regarding the costs of future special damages like future medical expenses or household services on the

basis that Plaintiff failed to designate an expert to proffer this testimony. Defendants argue that because Plaintiff has not retained an expert to provide the net present value of her life care plan prepared by psychiatrist Dr. David Fish, the court should exclude evidence of future expenses.

In response, Plaintiff argues that she is not required to present expert testimony or evidence of the present value of her future medical care because Utah law leaves that calculation to the jury. Plaintiff contends that the jury will have the following tools in which to properly calculate the present value of Plaintiff's future medical damages: (1) Dr. Fish will provide the jury with a life expectancy table to assist them in their calculations, (2) the stipulated jury instruction regarding reduction of future costs to present cash value, and (3) the testimony of Defendants' expert Dr. W. Cris Lewis who has prepared reports reducing the value of Dr. Fish's opinions to a present cash value.

"In Utah, a finder-of-fact must discount damages for future losses to the present cash value." *Gallegos v. Dick Simon Trucking, Inc.*, 110 P.3d 710, 714 (Utah Ct. App. 2005) (quotations and citations omitted). Under Utah law "it is almost impossible for a juror to calculate an appropriate reduction or discount without the assistance of a mathematically computed table." *Bennett v. Denver & Rio Grande W. R. Co.*, 213 P.2d 325, 328 (Utah 1950). However, contrary to Defendants' assertion, it does not necessarily require expert testimony. *Id.*; *see Gallegos*, 110 P.3d at 714.

Based on the foregoing, Defendants' motion to exclude argument or evidence regarding the value of damages for future expenses is **DENIED**.

### 3. Defendants' Motion Re: Evidence of Life Flight

Defendants seek an order prohibiting any reference to the fact that after the collision, Plaintiff was transported to the hospital by helicopter. Defendants argue that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice under Rule 403 of the Federal Rules of Evidence. Defendants contend that the jury may wrongly infer that Plaintiff was so severely injured that her life was in jeopardy.

As noted at the hearing, the court is not persuaded by this argument. Plaintiff was eight months pregnant at the time of the accident and in a remote area. Accordingly, Defendants' motion is **DENIED**. Of course, Defendants are free to cross examine witnesses as to the necessity of a helicopter transport.

## CONCLUSION

In conclusion, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Exclude Patrick Richard Luers, M.D.[6] is **DENIED**;

2. Defendants' Motion to Preclude Evidence of Future Special Damages[7] is **DENIED**; and

3. Defendants' Motion Re: Evidence of Life Flight[8] is **DENIED**.

DATED this 13th day of June, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] Dkt. No. 75.

[7] Dkt. No. 81.

[8] Dkt. No. 83.